By the Court.—Sedgwick, Ch. J.
The action was for damages for the breach of a covenant of quiet enjoyment and of warranty, in a conveyance of real estate made by defendant. It will be assumed that plaintiff showed a right to recover if he showed a breach by defendant. The alleged breach was an eviction by Elizabeth L. Manolt, as owner of a life estate in undivided part of the fee. The eviction was not actual but constructive. The plaintiff had paid certain moneys in buying Mrs. Manolt’s claim and for expenses. An *219 ejectment suit had been begun by Mrs. Manolt against one Frey to whom the plaintiff had conveyed, but did not proceed to judgment, as her claim was bought in by Frey who was reimbursed by plaintiff. The defendant was not notified to defend the action, and therefore the plaintiff was bound to prove on the trial below that Mrs. Manolt was entitled to the interest she claimed. . The only proof on the part of plaintiff was a judgment roll in partition. A grantor, under whom defendant had taken title, was the purchaser at the sale in partition and the referee had conveyed to him. The plaintiff, on the trial below, took the position that the purchaser and his grantees were . bound by the adjudications in the partition action.
The record disclosed, as was proved by defendant here on the trial below, that one George I. Manolt, being seized in fee of A undivided parts of the premises, made a deed, which in form was one of absolute conveyance in fee of his interest, in which his wife, the Elizabeth L. Manolt above named, joined to one Mary Lyon, and that Mary Lyon conveyed, hi a similar manner, to one Odell.
George I. Manolt died, leaving surviving him Elizabeth L. Manolt, his widow, and three children, George T., Elizabeth A. and Lewis J.
Afterwards an owner of another undivided interest began the action of partition referred to.
It is manifest that if the title of Odell were absolute, then Elizabeth L., who, at the time of the conveyance in which she joined had no more than an inchoate right of dower, was not a necessary or proper party to the action of partition. On the other hand if the conveyance were a mortgage and Odell only a mortgagee, and all of the three children Avere living, if she Avere made a party she would represent only a doAver right in a surplus after payment of the mortgage. In fact, however, one of the three children had died, not having been married, and, under the statute, if Elizabeth L. had not *220 absolutely conveyed, she took for her life the estate of the deceased child, which was -A undivided interest. She was not made a defendant. The surviving children, Elizabeth A. and Lewis I., were made defendants.
The complaint averred that the conveyance from George I. "and Elizabeth L., his wife, to Mary Lyon, and from Mary Lyon to Odell had been made and “ that they do not know, are not certainly informed, and cannot state whether the said paper writing, so purporting to be a deed of conveyance by the said George I. Manolt and Elizabeth L., his wife, as grantor therein, is as against the surviving children, heirs at law of the said George I. Manolt, or any of them, valid, binding or effectual in law or in equity, so as to have any operation in respect of the said £ part of the said real estate, etc.; and that the said defendant, Jonathan Odell, is entitled to the equal undivided ■§• part thereof, as representing the share of the said George I. Manolt, in case this court shall adjudicate that the interest of the said George I. Manolt in the said real estate and premises passed to the said Mary Lyon under deed, by virtue of the said paper writing purporting to be a deed of conveyance thereof, hereinabove mentioned, but in case this court shall otherwise determine, then and in such case the defendants, Elizabeth A. Manolt and Lewis I. Manolt, (the surviving children,) are entitled to the said last mentioned equal undivided part of the said real estate and premises in equal moieties, or such other estate and interest therein as this court shall adjudge.”
The answer of the two surviving children alleged “ they deny that the said paper writing purporting to be a deed of conveyance by the said George I. Manolt and Elizabeth his wife, is as against these defendants or either of them, valid or binding &c., so as to have any operation in respect of, or convey, or transfer any title to the said one-eighth part &c., and upon information and belief that the consideration expressed in the deed of George I. Manolt and Ms wife Elizabeth L., to Mary *221 Lyon, namely $3,000, and no part of it was ever paid; that Odell paid no consideration to Lyon, but took the conveyance thereof in some manner or form in trust for the said Mary Lyon, or for the creditors of said Mary Lyon, and also with notice that the said Mary Lyon had not paid said purchase money, and these defendants claim and insist that the said Jonathan Odell took the conveyance of the said premises subject to any and whatever lien or liens and equities the same was subject to in the hands of the said Mary Lyon ;” that they “ deny that said Jonathan Odell is entitled to the equal undivided one-eighth part as representing the share of the said George I. Manolt,” and they claim and insist that “if it shall be adjudged by the court, that the fee passed from George I. Manolt to Mary Lyon * * then the same is subject to the lien and claim for the amount of the purchase money or consideration expressed “ in the conveyance to Lyon.”
It is evident that the parties ignored the title of Elizabeth L. by descent, and did not intend to have any litigation concerning it. The question related to whether Odell owned the one-eighth, or the two surviving children owned it, without question as to the life estate of Elizabeth L.
The judgment in this was that each of the surviving children was seized in fee simple of one undivided sixteenth part of the premises. The adjudication was in effect that Elizabeth L. Manolt had no estate in this one-eighth. Of course if the plaintiff should concede that she was bound by this judgment, then the interest claimed for her, passed to .the purchaser at the sale in partition. The plaintiff would be forced then to the position that asshe was not a party, the adjudication does not affecf her. There would then be no proof that the conveyance was a mortgage. To prevent this result, a certain finding is resorted to, that was made by the referee in partition. This finding is “ that by the'consent and agreement of the said Jonathan Odell and the said *222 Elizabeth A. Manolt and Lewis I. Manolt, which is hereto annexed, it is agreed that the said conveyance above mentioned by the said George I. Manolt and Elizabeth L. his wife, to the said Mary Lyon, although absolute on its face, was in fact a mortgage on the share of the said George I. Manolt, in the premises above described, to secure the sum of $3,000.” The report also found that there was then due and unpaid upon the said mortgage, for principal and interest, the sum of $6,941.53.
Assuming that this shows that the conveyance in 1854 was a mortgage, and the conveyance of Lyon to Odell in 1854, was an assignment of that mortgage, that, does not tend to disclose in whom the equity of redemption was in 1873.
The finding did not mean to assert that such equity was in Mrs. Manolt; for earlier findings were that George I. Manolt had died leaving his widow Elizabeth L. and three children; that one of the three had died, “ and that the said other two children of the said George I. Manolt aré still living, and are parties defendant in this action, and are each seized in fee simple of one undivided sixteenth of the premises described in the complaint. And as has already been said, the judgment was in accordance with these findings.
Therefore there was no adjudication in favor of a title in Mrs. Manolt, if she were at liberty to use the proceedings in her own behalf. In fact, however, as she was not a party to the action and not bound by its proceeds ings, she could not use them against those that were parties. Remington Paper Co. v. O’Dougherty, et al., 81 N. Y. 476.
It is not necessary to deny that a record of an action may be used by one not a party to it, to establish the existence of a fact, provided the rules of evidence are observed. For example, if, which is not now determined, an agreement of Odell with the surviving children that his interest in the real estate was that of a mortgagee only, was competent evidence against this defendant, *223 that agreement could be put in evidence although it was contained in a judgment-roll. On the other hand, a,n adjudication that he so agreed, would not be competent in favor of one not a party, much less would be a finding of fact that he so agreed, for unless it is an adjudication it is merely hearsay testimony—the declaration of the referee.
In the present case adjudications, merely, are adduced from the judgment-roll. The agreement said to be annexed is not shown in evidence. No original act or declaration of Odell is shown.
H, however, it is supposed that Odell was a mortgagee only, then in equity the purchaser at the sale and his assignees, and among them the plaintiff, would succeed to Odell’s position as mortgagee in possession. The plaintiff had that defence to the ejectment, and omitted to interpose it when he was called upon to defend Frey, to whom he had conveyed. Therefore, while there was no actual eviction there was no constructive eviction, because no right to evict Frey was shown.
The judge below correctly held that no proof had been given that Odell was only mortgagee.
The plaintiff’s exception to the direction of a verdict for defendant is overruled, and defendant is to have judgment on verdict with costs.
Freedman and Ingraham, JJ., concurred.